**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PAMELA P.,[1]** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 23 C 3463** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **MARTIN J. O'MALLEY,** | ) | **Maria Valdez** |
| **Commissioner of Social Security,[2]** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Pamela P.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On April 1, 2021, Plaintiff filed claims for DIB and SSI, alleging disability since February 18, 2020. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on September 13, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On January 6, 2023, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since April 18, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: osteoarthritis; connective tissue disorder; rheumatoid arthritis; fibromyalgia; hypertension; obesity; depressive disorder; anxiety disorder; and post-traumatic stress disorder. The ALJ

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally lift and/or carry a maximum of 20 pounds; can frequently lift and/or carry a maximum of 10 pounds; can walk and/or stand for about 6 hours total out of an 8-hour workday; can sit for about 6 hours out of an 8-hour workday; can push and/or pull to include operation of hand or foot controls with the bilateral upper and lower extremities as restricted by the limitations on lifting and/or carrying; can never climb ladders, ropes, or scaffolds; can engage in no more than occasional climbing of ramps or stairs; can engage in no more than occasional stooping, crouching, kneeling, or crawling; can engage in no more than frequent handling with the upper extremities bilaterally; has the ability to understand, remember, carry out, and sustain work that requires no more than routine tasks and no complex tasks; work is limited to performing the same tasks day in and day out; should not perform work where the pace is set by a machine; work should not require the claimant to travel to different work sites to complete job tasks nor to use public transportation to complete job tasks; and work should not require contact with the public for work purposes and no more than occasional contact with co-workers and supervisors for work purposes. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a caregiver. However, at step five, based upon the VE's testimony and Plaintiff's age,

education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the

burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ unreasonably found that Plaintiff could stand/walk 6 hours and lift 20 pounds occasionally despite her severe impairments of rheumatoid arthritis and fibromyalgia. As an initial matter, the Court notes that many of Plaintiff's arguments supporting this overall contention boil down to an impermissible request that the Court reweigh the evidence. (*See* Pl.'s Br. at 6-9 ("In short, the evidence patently supports her description of her limitations which, at best, support a finding that she is limited to sedentary, rather than light work as the ALJ found.").) Reweighing the evidence is an endeavor this Court cannot undertake. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

However, Plaintiff does permissibly argue that – with respect to the ALJ's credibility determination – the ALJ did not properly consider Plaintiff's activities of daily living in relation to her alleged physical deficits. (Pl.'s Br. at 10-11.) Pertinent to that argument, in her decision, the ALJ noted Plaintiff's alleged symptoms, including her reports that "she was very limited in her ability to walk and stand due to pain in most joints and aching pain throughout her body." (R. 28.) However, the ALJ determined that Plaintiff's alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 27.) With respect to Plaintiff's daily activities, Plaintiff testified at the hearing that she could

only take out light garbage from the bathroom and could not handle trash in 12-13 gallon bags. (*Id.* at 51.) Plaintiff also testified that she only washed her hair once a week and sat in a chair while bathing because she was "so terrified to like fall in the shower." (*Id.* at 54.) Plaintiff further testified that she could not make her bed, do any yard work, or engage in snow removal. (*Id.* at 51.) Despite this evidence, the ALJ did not analyze Plaintiff's daily activities – nor the reported difficulties she experienced in performing them – in assessing Plaintiff's alleged physical limitations.

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, in assessing a claimant's alleged symptoms, an ALJ "is required to evaluate a claimant's activities of daily living and explain why the claimant's activities are inconsistent with her description of her symptoms." *Michelle M. L. v. Kijakazi*, No. 20 C 6793, 2022 WL 3297619, at *11 (N.D. Ill. Aug. 11, 2022) (citations omitted). The ALJ must specifically "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). Furthermore, the ALJ must consider any alleged difficulties the claimant experiences in performing her daily activities. *See Heidi R. v. Saul*, No. 18 CV 8534, 2019 WL 13209274, at *4 (N.D. Ill. Oct. 11, 2019).

Here, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was deficient. Indeed, in making her credibility finding in relation to Plaintiff's physical impairment, the ALJ completely failed to explicitly assess Plaintiff's daily activities at all, much less specifically explain any inconsistencies between Plaintiff's activities and reported symptoms.[3] Furthermore, though she elicited testimony from Plaintiff at the hearing concerning her difficulties with household chores, bathing, and yard work, the ALJ failed to address those difficulties whatsoever in her decision. *See Charles S. v. Berryhill*, No. 17 C 7438, 2019 WL 764059, at *6 (N.D. Ill. Feb. 21, 2019) ("The ALJ also did not properly account for the difficulty Plaintiff had in performing many of the listed daily activities. . . . The ALJ improperly disregarded these limitations (and any other limitations) in assessing Plaintiff's ability to perform daily activities.").

Under the circumstances, the requisite logical bridge is missing. *See Diane P. v. Saul*, No. 19 C 0782, 2020 WL 4053780, at *9 (N.D. Ill. July 20, 2020) ("[T]he Court has no way to know what conclusion (if any) the ALJ reached regarding Plaintiff's continued problems with activities of daily living."). And, ultimately, the ALJ's failure to adequately account for Plaintiff's daily activities in relation to her physical deficits requires that this matter be remanded. *See Latanza B. v. Comm'r*

[3] The ALJ did briefly address Plaintiff's daily activities of shopping, preparing simple meals, washing dishes, sorting laundry, and reading. However, the ALJ only analyzed such activities in relation to Plaintiff's *mental* impairments. (R. 29.) Separate from Plaintiff's physical impairments, the ALJ reasoned that such activities suggested that Plaintiff was able to "focus on a task," go out in public, and "pay attention sufficiently" to shop. (*Id.*) Defendant concedes that the ALJ only "discussed plaintiff's reported activities in relation to assessing the functional impact of plaintiff's *mental* impairments." (Def.'s Memo. at 11 (emphasis added).)

*of Soc. Sec.*, No. 22 C 6353, 2023 WL 3886110, at *3 (N.D. Ill. June 8, 2023) (finding remand necessary where "the ALJ did not reckon with Plaintiff's statements that although she can perform daily activities, she sometimes cannot complete them or has difficulty due to feeling depressed or overwhelmed"); *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *4 (N.D. Ill. Apr. 19, 2021) ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's physical RFC is properly derived, Plaintiff's pain is properly assessed, and Plaintiff's work history is appropriately considered.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**

**ENTERED:**

**DATE: January 30, 2024**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**